UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN ALLEN BOOTH, | CASE NO. C20-6264 BHS |
| Petitioner, | ORDER |
| v. | |
| ERIC JACKSON, | |
| Respondent. | |

THIS MATTER comes before the Court on Petitioner Booth's motion for a 28 U.S.C. § 2253 Certificate of Appealability on his habeas grounds 1–4 and 9 (his "eavesdropping" grounds"), and on his ineffective assistance of counsel ground, based on counsel's failure to locate or call alibi[1] witnesses. Dkt. 88. Booth also seeks a certificate of appealability on his failure to provide a cell phone triangulation expert ground, which the Court dismissed, along with grounds 5 and 6, in prior orders. *See* Dkts. 28 and 42.

---

[1] Booth's initial habeas petition described as Ground 7 his ineffective assistance of counsel claim based on the failure provide "cell phone triangulation" expert testimony, and his ineffective assistance claim based on the failure to locate alibi witnesses as Ground 8. Dkt. 1 at 16–17. The Court's prior Order at Dkt. 42 inadvertently reversed these numbers, and the parties have since logically identified Booth's habeas grounds by their descriptive names rather than ground numbers. Dkt. 89 at 3 n2.; Dkt. 91 at 1 n1. This Order will follow suit.

ORDER - 1

1 | After several rounds of briefing, two prior substantive orders, and an evidentiary hearing, the Court adopted Magistrate Judge Fricke's Report and Recommendation (R&R), Dkt. 20, and denied Booth's habeas petition in its entirety. Dkt. 83. The R&R recommended that the Court deny a certificate of appealability, though the Court's order did not expressly address that issue.

A petitioner seeking post-conviction relief under 28 U.S.C. § 2254 may appeal a district court's dismissal of his federal habeas petition only after obtaining a certificate of appealability from a district or circuit judge. A certificate of appealability may issue only where a petitioner has made "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard "by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Booth's motion identifies eight points upon which he contends "reasonable jurists could fairly debate" regarding his "eavesdropping" habeas grounds. Dkt. 88 at 3–5. As Booth acknowledges, the Court did not find his testimony about his inability to communicate with his defense team to be credible. Booth's current claim that "he never told the investigator anything that, if overheard, would be harmful," Dkt. 88 at 5, does not undermine the fact that he admitted he felt free to talk to the investigator in the attorney client booth. *See* Dkt. 83 at 7. The Court will not issue a certificate of appealability on Booth's "eavesdropping" grounds 1–4 and 9.

The Court does not agree that reasonable jurists could disagree about the merit of Booth's ineffective assistance of counsel ground, based on attorney Hunko's alleged failure to locate or call alibi witnesses that Booth claims must have seen him selling drugs at the Red Barn Tavern at the time of the murders. Booth claims he knows who actually committed the murders but did not and will not share that information due to his "code." He claims that although the investigator expressly told him "I need more from you" about the alibi witnesses, Booth was free to withhold exculpatory information and to instead put the onus on Hunko to find other alibi witnesses. There is no evidence there were any such witnesses. The State correctly contends that it was not objectively unreasonable for his attorney to focus on developing a defense strategy that did not rely on these alleged alibi witnesses where there was "*overwhelming*" evidence that Booth was, in fact the shooter. Dkt. 89 at 10. The Court will not issue a certificate of appealability on Booth's "alibi witness" habeas ground.

Nor will it issue such a certificate on the cell phone triangulation ground, dismissed prior to the evidentiary hearing. Booth's motion for a certificate of appealability is **DENIED**. His motion to broaden his motion for a certificate of appealability, Dkt. 90, is also **DENIED**.

**IT IS SO ORDERED**.

Dated this 17th of January 2025.

BENJAMIN H. SETTLE
United States District Judge